**UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**
        **Plaintiff,**

**v.**                                  **Case No.: 6:09-cr-86-MSS-KRS**

**DONALD S. HAMMALIAN, JR.**
        **Defendant.**
_____/

## MOTION FOR SANCTIONS PURSUANT TO RULE 16

**COMES NOW**, the Defendant, **DONALD S. HAMMALIAN, JR**, by and through undersigned counsel and respectfully requests this Court to determine what sanctions, if any, should be imposed upon the Government for the following discovery violation:

1.      The Defendant is scheduled to proceed to trial on September 28, 2009. For months prior to the scheduled date of trial Government counsel and defense counsel have met and exchanged discovery and have provided each other with access to their forensic expert.

2.      The instant case will stand or fall on the forensic evidence or lack of forensic evidence. Counsel's defense has been molded around the forensic evidence (analysis of the Defendant's computer).

3.      Pursuant to Rule 16(a)(D and (E), the reports of scientific tests and examinations of the Defendant's computer were required to be produced to the Defendant as well as a summary of the Government's expert witness's proposed testimony.

4.      This discovery was provided in a timely manner.

5.      However, on Saturday, September 26th undersigned counsel received information concerning three (3) images contained on the Defendant's computer (from May, 2006) which are part of the Government's case in chief.

6.      On Sunday, September 27th at approximately 10:35 a.m. undersigned counsel received a call from the Assistant United States Attorney advising that there was an additional forensic examination of the Defendant's computer that had been taken place commencing Saturday evening (September 26, 2009).

7.      Undersigned counsel met with Government counsel and the Government's forensic expert at approximately 2:00 p.m. on September 27, 2009 and was provided with over one hundred twenty pages (120) of additional forensic test results.

8.      The new test results dramatically impact the Defendant's preparation and presentation of a defense in the instant case.

9.      The Defendant requests that this Court determine what sanctions, if any, to impose for the discovery violation in the instant case.

10.     Counsel is of the belief that the discovery violation was not in bad faith but clearly is extremely prejudicial to the Defendant.

11.     The Defendant needs sufficient time within which to examine the new forensic evidence and make a proper determination on what advice to provide the Defendant.

**WHEREFORE**, pursuant to Rule 16, Federal Rules of Criminal Procedure, the Defendant respectfully requests the Court to determine what sanctions, if any, to impose for the discovery violation in the instant case.

/s/Robert A. Leventhal
**ROBERT A. LEVENTHAL**
Florida Bar No. 119610
**LEVENTHAL & SLAUGHTER, LLP**
111 N. Orange Avenue, Suite 700
Orlando, Florida 32801
Telephone: (407) 849-6161
Facsimile: (407) 843-3738
Counsel for Defendant

### <u>CERTIFICATE OF SERVICE</u>

     I HEREBY CERTIFY that on this 28th day of September, 2009, I electronically filed the

foregoing with the Clerk of the Court by using the CM/ECF system which will send notice of

electronic filing to all counsel of record, including Carlos Perez, Assistant United States

Attorney.

                    /s/ Robert A. Leventhal
                    Attorney