```
 1                IN THE UNITED STATES DISTRICT COURT
                   FOR THE MIDDLE DISTRICT OF FLORIDA
 2                         ORLANDO DIVISION

 3              Case no.:  6:09-cr-86-Orl-35KRS

 4  UNITED STATES OF AMERICA,      )    Orlando, Florida
                                   )    October 9, 2009
 5           Plaintiff,            )    10:30 a.m.
                                   )
 6              v.                 )
                                   )
 7  DONALD S. HAMMALIAN, JR.,      )
                                   )
 8           Defendant.            )
                                   )
 9  _____

10

11

12           Transcript of the change of plea

13         before the Honorable David A. Baker

14      United States District Court Magistrate Judge

15

16

17
    Appearances:
18
    Counsel for Plaintiff:  Carlos Perez
19

20  Counsel for Defendant:  Robert Leventhal

21
    Digital transcriber:    Diane C. Peede, RMR, CRR
22                          United States Courthouse
                            401 West Central Blvd., #4600
23                          Orlando, Florida  32801
                            (407) 615-0305
24
    Proceedings recorded by FTR Gold digital recording,
25  transcript produced by computer.
```

```
 1                      P R O C E E D I N G S
 2          THE COURTROOM DEPUTY:  The case number is 6:09-cr-
 3   86-Orl-35KRS, the United States of America versus Donald S.
 4   Hammalian, Jr.
 5          Counsel, please state your appearances for the
 6   record.
 7          MR. PEREZ:  Good morning, Your Honor.  Carlos Perez
 8   for the United States.
 9          MR. LEVENTHAL:  Robert Leventhal for Mr. Hammalian,
10   who is present before the Court, Your Honor.
11          THE COURT:  I've been advised that the defendant
12   wishes to enter a change of plea to Count One of the
13   Indictment without a Plea Agreement.  Is that correct?
14          MR. LEVENTHAL:  That's correct, Your Honor.
15          THE COURT:  Mr. Hammalian, let me make sure you
16   understand the nature of the proceedings.  I am not the
17   district judge in this case.  I'm one of the magistrate
18   judges.
19          You can remain seated.
20          You have a right to have your plea taken before the
21   district judge, but you've signed a consent indicating that
22   you want to proceed this morning before me, understanding
23   that it is the district judge who will ultimately enter any
24   judgment and, if there's a conviction, will do the
25   sentencing.  Is that correct?
```

    **THE DEFENDANT:** That is correct, Your Honor.

    **THE COURT:** All right. Now you can stand and the clerk will administer an oath.

    **THE COURTROOM DEPUTY:** Please raise your right hand.

        **DONALD HAMMALIAN,**
having been first duly sworn, was examined and testified as follows:

    **THE COURTROOM DEPUTY:** Please be seated.

    **THE COURT:** Mr. Hammalian, in order for you to enter a plea of guilty, it will be necessary for you to answer questions under oath on the record in the presence of your attorney. Any statements that you make about the charges that are not completely truthful could be used against you later in a prosecution for perjury or false statement.

    If at any time you want to speak privately to your attorney, let me know that and we'll take a break and let you confer.

    If there's anything that I say or that the attorneys say that you don't understand, either because you can't hear us or we're using words or concepts you don't understand, let me know that. We'll repeat it or explain it to you or let you confer with your attorney.

    How old are you Mr. Hammalian?

```
 1                THE DEFENDANT:  Thirty-four years old.
 2                THE COURT:  How far did you go in school?
 3                THE DEFENDANT:  I'm -- please repeat, Your Honor.
 4                THE COURT:  How far did you go in school?
 5                THE DEFENDANT:  I graduated from a four-year
 6   college.
 7                THE COURT:  Where was that?
 8                THE DEFENDANT:  Emerson College in Boston,
 9   Massachusetts.
10                THE COURT:  And you're a United States citizen?
11                THE DEFENDANT:  Yes, Your Honor.
12                THE COURT:  Are you able to read and write in
13   English?
14                THE DEFENDANT:  Yes, Your Honor.
15                THE COURT:  What kind of jobs have you had?
16                THE DEFENDANT:  I've had a number of jobs, ranging
17   from handyman to sales professionals at area resorts here in
18   Florida.  I worked at Walt Disney World.
19                THE COURT:  How's your health?
20                THE DEFENDANT:  Very good.
21                THE COURT:  Have you ever been under the care of a
22   psychologist or a psychiatrist?
23                THE DEFENDANT:  Yes, Your Honor.
24                THE COURT:  Tell me about that.
25                THE DEFENDANT:  The -- one of the schools I
```

```
 1   attended required weekly therapy sessions as part of its
 2   enrollment.
 3              THE COURT:  That was just a routine aspect of the
 4   curriculum there?
 5              THE DEFENDANT:  Yes, Your Honor.
 6              THE COURT:  Anything else?
 7              THE DEFENDANT:  No, sir.
 8              THE COURT:  Has anybody ever questioned or
 9   challenged your mental competency?
10              THE DEFENDANT:  No, Your Honor.
11              THE COURT:  Have you ever suffered from any mental
12   or emotion instability?
13              THE DEFENDANT:  No, sir.
14              THE COURT:  Have you ever been addicted to drugs or
15   alcohol or medication of any kind?
16              THE DEFENDANT:  No, sir.
17              THE COURT:  Have you taken any drugs, alcohol or
18   medication in the past 48 hours?
19              THE DEFENDANT:  No, Your Honor.
20              THE COURT:  Are you under the influence of anything
21   today that might interfere with your ability to think or to
22   concentrate?
23              THE DEFENDANT:  No, Your Honor.
24              THE COURT:  Do you understand what's happening
25   today?  Are you clear-minded?
```

1           **THE DEFENDANT:  Yes, Your Honor.**
2           **THE COURT:  Have you had any trouble understanding**
3    **me?**
4           **THE DEFENDANT:  No, sir.**
5           **THE COURT:  Now, in this Indictment, you're charged**
6    **with a violation of Title 18 of the United States Code,**
7    **Section 2252A(a)(5)(B).  What the government would be**
8    **required to prove in order for you to be found guilty of that**
9    **charge is that you did knowingly possess an item or multiple**
10   **items of child pornography, that they had been transported in**
11   **interstate commerce, including transmission over the**
12   **Internet, and that at the time of their possession that you**
13   **believed that those items were child pornography.  Do you**
14   **understand the charges against you?**
15          **THE DEFENDANT:  Yes, I do, Your Honor.**
16          **THE COURT:  Do you want a formal reading out loud**
17   **of the charges or do you waive that?**
18          **THE DEFENDANT:  I waive that, Your Honor.**
19          **THE COURT:  Have you gone over the charging**
20   **document with your attorney?**
21          **THE DEFENDANT:  Yes, I have.**
22          **THE COURT:  Have you had enough time to discuss the**
23   **charges with your attorney?**
24          **THE DEFENDANT:  Yes, Your Honor.**
25          **THE COURT:  Are you satisfied with the services**

1    you've received from your attorney in this case?
2            THE DEFENDANT: Yes, Your Honor.
3            THE COURT: Does either attorney have any question
4    as to the defendant's competency to proceed with a plea?
5            MR. PEREZ:  No, Your Honor.
6            MR. LEVENTHAL:  I have none.
7            THE COURT:  Mr. Hammalian, I find that you are
8    competent to enter a plea of guilty, if that's what you wish
9    to do.  Do you understand you're not required to plead guilty
10   here, that you have the choice to go to trial on these
11   charges and to maintain your plea of not guilty?
12           THE DEFENDANT: Yes, I understand, Your Honor.
13           THE COURT:  Has anybody promised you anything or
14   given you any inducements to get you to plead guilty?
15           THE DEFENDANT:  No, sir.
16           THE COURT:  Has anybody done anything that you
17   consider to be wrong or unfair to get you to plead guilty?
18           THE DEFENDANT:  No, Your Honor.
19           THE COURT:  Have there been any threats or coercion
20   or improper pressure of any kind placed on you to get you to
21   plead guilty?
22           THE DEFENDANT:  No, sir.
23           THE COURT:  Do you want to plead guilty to this
24   charge because you are guilty --
25           THE DEFENDANT:  Your Honor --

1          THE COURT:  -- or is there some other reason that
2  you're pleading guilty?
3          THE DEFENDANT:  I am guilty of this charge, Your
4  Honor.
5          THE COURT:  All right.  Let me explain to you now
6  the maximum penalties that you're facing under this charge.
7  This is not your actual sentence but the most that can be
8  imposed.
9          Count One carries a maximum sentence of ten years
10 in prison, a fine of up to $250,000, a term of supervised
11 release of up to life, and you would be ordered to pay a
12 special assessment of $100 at the time of sentencing.
13         In addition, you might be subject to registration
14 requirements as a result of your conviction.
15         Is there any issue as to forfeiture or restitution?
16         MR. PEREZ:  Your Honor, the only thing regarding
17 forfeiture would be the computers and the electronic media
18 for some of the images.
19         THE COURT:  Those have already been seized?
20         MR. PEREZ:  Yes, sir.
21         THE COURT:  All right.  You would be subject to
22 forfeiture of any of the computer equipment.
23         Now, your actual sentence will be determined by the
24 district judge in a separate proceeding.  What will happen is
25 that a probation officer will be assigned to do a background

Case 6:09-cr-00086-CEM-KRS   Document 74   Filed 09/26/13   Page 9 of 19 PageID 189

9

   1    investigation about you and about the charges.  There will be
   2    a report prepared.  You'll get a copy of it.  So will the
   3    attorneys.  You'll have a chance to review it with your
   4    attorney.
   5          If there's any part of it that you disagree with,
   6    with the help of your attorney, you'll be able to raise
   7    objections.  It might be necessary for the district judge to
   8    hold a separate hearing to resolve those objections.
   9          There will, in any event, be a final sentencing
  10    hearing at which time you and the attorneys will have a
  11    chance to address the judge, and it's only at that time that
  12    you're going to know what your actual sentence will be.  Do
  13    you understand that?
  14          THE DEFENDANT:  Yes, I understand, Your Honor.
  15          THE COURT:  And do you understand that if your
  16    sentence is worse for you or harsher than you're hoping for
  17    or than the attorneys may have talked to you about, you're
  18    still going to be bound by your guilty plea?  You won't be
  19    able to withdraw it; do you understand that?
  20          THE DEFENDANT:  I understand, Your Honor.
  21          THE COURT:  Now, as a part of that hearing and
  22    process, the district judge will determine how the sentencing
  23    statutes and guidelines apply to you.  The district judge
  24    will also determine then whether to use the guidelines or to
  25    depart from them or to use some other basis to determine what

1   your sentence should be.
2           The district judge will take into account a great
3   many factors here, including your actual conduct, any victim
4   of your offense, your role, your acceptance of
5   responsibility, the number of images involved, your criminal
6   history, if you have any.  All of those things and more will
7   be considered by the district judge; do you understand that?
8           THE DEFENDANT: Yes, Your Honor.
9           THE COURT: Do you understand that parole has been
10  abolished and that if you are sentenced to a term of
11  imprisonment, that you are going to serve all or almost all
12  of that time?
13          THE DEFENDANT: Yes, Your Honor.
14          THE COURT: Supervised release is a period of time
15  that would follow imprisonment.  During that time you'd be
16  under the supervision of a probation officer, subject so a
17  great many conditions; and if you were to violate those
18  conditions, you could be sent to prison or sent back to
19  prison.  Do you understand that?
20          THE DEFENDANT: Yes, Your Honor.
21          THE COURT: Do you understand that if you have some
22  income or assets, if you do have the ability to pay, the
23  Court can assess against you and require that you pay or
24  contribute to the cost of your imprisonment or the cost of
25  your supervision?

Case 6:09-cr-00086-CEM-KRS   Document 74   Filed 09/26/13   Page 11 of 19 PageID 191

11

```
 1                THE DEFENDANT: Yes, Your Honor.
 2                THE COURT: Do you understand that your sentence
 3   may include a requirement that you perform community service?
 4                THE DEFENDANT: Yes, Your Honor.
 5                THE COURT: Are there any other possible penalties
 6   that should be explained to the defendant?
 7                MR. PEREZ:  No, Your Honor.
 8                MR. LEVENTHAL:  I'm not aware of any, Your Honor.
 9                THE COURT:  Mr. Hammalian, do you understand the
10   sentencing process and the possible penalties that you're
11   facing?
12                THE DEFENDANT: Yes, I do, Your Honor.
13                THE COURT: Any questions about either of those?
14                THE DEFENDANT: No, sir.
15                THE COURT: Let me advise you as to your rights.
16   On the charges in this Indictment, you do have the right to a
17   trial by a jury of twelve persons.  At that trial you would
18   be presumed innocent and before you could be found guilty,
19   the government would be required to prove that you were
20   guilty by competent evidence and beyond a reasonable doubt.
21   You would not have to prove that you were innocent.
22                In the course of the trial you'd have the right to
23   confront the witnesses who testify against you.  Through your
24   attorney, you'd have the right to cross-examine those
25   witnesses and seek to exclude any testimony or evidence he
```

believes is improper.

You also have the right to compulsory process or subpoenas to have witnesses and evidence be brought to court and to have them presented on your behalf.

You'd have the right to testify in your own behalf, if you wish, and you'd also have the right not to testify; and if you made that choice not to testify, there could be no suggestion or inference of your guilt from the fact that you chose not to testify.  In other words, you have a privilege against self-incrimination, the right to remain silent.

Now, if you plead guilty and the Court accepts your plea, do you understand you're waiving your right to trial and the other rights that I've just mentioned?  There will be no trial.  You're giving up any possible defenses that you might have to this charge and you're going to be found guilty and subject to sentencing without any further proceedings? Do you understand that?

THE DEFENDANT: Yes, Your Honor.

THE COURT: By pleading guilty, do you understand you're waiving your right not to incriminate yourself because in just a moment I'm going to ask you to explain to me what you did so that I can be satisfied there's a basis for this charge?

THE DEFENDANT: I understand, Your Honor.

THE COURT: By pleading guilty and waiving your

1    right to trial, do you understand that you're giving up your
2    right to appeal from the finding of guilt?  Not the
3    sentencing.  You'd still have a right to appeal that, but in
4    the finding of guilt, you're going to be bound by that.  You
5    won't be able to challenge it on a direct appeal or any kind
6    of collateral attack, under habeas corpus, Section 2255 or
7    otherwise; do you understand?
8            THE DEFENDANT:  I understand, Your Honor.
9            THE COURT:  This is a felony charge and, upon
10   conviction, you'll be losing your civil rights, including the
11   right to vote, to keep and bear firearms, to hold public
12   office, and to serve on a jury.  You may find it more
13   difficult to find employment or certifications for
14   employment.
15           Now, let me remind you that you do have the right
16   to an attorney and the assistance of counsel at every stage
17   of this case.  That doesn't change whether you plead guilty
18   or not.  Either way, you'll have an attorney to represent
19   you; and if you could not afford one, one would be appointed
20   for you.  Do you understand that?
21           THE DEFENDANT:  I understand, Your Honor.
22           THE COURT:  Tell me now, Mr. Hammalian, what you
23   understand to be the charge against you and tell me what it
24   is that you did.
25           THE DEFENDANT:  Should I stand, Your Honor?

```
 1            THE COURT:  You don't need to.
 2            THE DEFENDANT:  Your Honor, I understand the charge
 3   to be possession of one or more articles that represent child
 4   pornography under the U.S. Code or the -- yes, the U.S. Code
 5   that has been previously referenced.  I did have those
 6   images, possessed those images on a computer that was under
 7   my control in my place of residence, and --
 8            THE COURT:  Where when and did this happen?
 9            THE DEFENDANT:  It happened -- it happened sometime
10   in 2006.  I don't recall the exact dates.  It's been over
11   three years now since the search warrant was executed; and
12   it's something I've tried to forget, to be completely honest
13   with you.
14            THE COURT:  And where was your computer, your
15   residence?
16            THE DEFENDANT:  In my apartment.
17            THE COURT:  Where is that?
18            THE DEFENDANT:  Currently I live in Lake County.
19            THE COURT:  Well, is that where the computer was
20   when you were --
21            THE DEFENDANT:  Oh, yes, sir.  Yes, it is, Lake
22   County.  I've moved to a different apartment since the
23   computer was seized, but I was living in the same complex in
24   the same county.
25            THE COURT:  Are we in the right division?
```

```
 1                  MR. PEREZ:  Yes, Your Honor.  It started -- the
 2     possession started in Orange County and then the defendant
 3     moved to Lake County.
 4                  THE COURT:  Did you previously live in Orange
 5     County?
 6                  THE DEFENDANT:  Oh, yes, sir.
 7                  THE COURT:  And had the computer then, too?
 8                  THE DEFENDANT:  Yes, I did.
 9                  THE COURT:  All right.  And the images that were
10     found on there, are these ones that you downloaded?
11                  THE DEFENDANT:  Either I downloaded or the computer
12     itself downloaded.
13                  THE COURT:  Under your control?
14                  THE DEFENDANT:  Yes.
15                  THE COURT:  And you knew that the images that were
16     there were child pornography?
17                  THE DEFENDANT:  I did see some of the images and
18     were aware of their content.
19                  THE COURT:  All right.
20                  Mr. Perez, are you relying on the Statement of
21     Facts and the notice that was previously filed as to the
22     matters the government could prove beyond a reasonable doubt?
23                  MR. PEREZ:  Yes, Your Honor.
24                  THE COURT:  Mr. Hammalian, have you read that
25     Statement of Facts that the government filed yesterday, I
```

```
 1   guess?
 2             THE DEFENDANT:  Yes, Your Honor, I have.
 3             THE COURT:  Is that Statement of Facts about your
 4   involvement in the case true and correct?
 5             THE DEFENDANT:  Yes, Your Honor.
 6             THE COURT:  All right.  We've had a considerable
 7   discussion as to what effect a plea of guilty might have on
 8   you and on your rights.  Having heard that, is it still your
 9   desire to plead guilty to Count One of this Indictment?
10             THE DEFENDANT:  Yes, Your Honor.
11             THE COURT:  Is there anything else that you want to
12   tell me or ask me that has any bearing on your decision to
13   plead guilty that we haven't already covered?
14             THE DEFENDANT:  I don't believe so, Your Honor.
15   You've been very thorough.  Thank you.
16             THE COURT:  Do you want to make any additions or
17   changes to any statements or answers that you've already
18   given?
19             THE DEFENDANT:  Not at -- no, sir.  No, Your Honor.
20             THE COURT:  Do you want to have any further
21   discussion with your attorney before I ask you to enter your
22   plea?
23             THE DEFENDANT:  No, Your Honor.
24             THE COURT:  Have you had any trouble understanding
25   me or the attorneys at any time during this hearing?
```

1       **THE DEFENDANT:  I have not.**

2       **THE COURT:  Mr. Hammalian, how do you plead to**

3  **Count One of the Indictment in case number 09-criminal-86?**

4       **THE DEFENDANT:  Your Honor, to Count One of the**

5  **charge, I plead guilty.**

6       **THE COURT:  Are you freely and voluntarily entering**

7  **this plea of guilty?**

8       **THE DEFENDANT:  Yes, Your Honor.**

9       **THE COURT:  All right.  I determine that your plea**

10 **of guilty has been made freely or knowingly, intelligently**

11 **and voluntarily and not the result of force or of threats or**

12 **of promises.  I also find there's an independent factual**

13 **basis for each essential element of the crime as charged.**

14      **I'll direct the Probation Office to undertake an**

15 **investigation and to prepare a report for the district**

16 **judge's use.**

17      **The case will be scheduled for sentencing in about**

18 **75 days.**

19      **What's the position of the parties regarding Mr.**

20 **Hammalian's status pending sentencing?**

21      **MR. PEREZ:   That he remain under the same**

22 **conditions of release, Your Honor.**

23      **THE COURT:   Mr. Leventhal, I assume you concur with**

24 **that.**

25      **MR. LEVENTHAL:  Yes, Your Honor.  We've notified**

```
 1    Donna Wiebe, who he's been reporting to at Pretrial Services,
 2    what is happening.  She's on vacation, I think, but she is
 3    aware of the events.
 4              THE COURT:  All right.
 5              Mr. Hammalian, I'm going to leave you on --
 6              MR. LEVENTHAL:  And wants him to continue on the
 7    current conditions under her supervision.
 8              THE COURT:  Mr. Hammalian, I'm going to leave you
 9    on those conditions.  It's extremely important that you
10    continue to abide by all of those conditions.  If you were to
11    have a violation or fail to appear as required, it would have
12    a terrible impact at the time of sentencing.
13              So make sure that you stay in good touch with Mr.
14    Leventhal, with Ms. Wiebe and abide by all conditions.
15              THE DEFENDANT:  Of course, Your Honor.
16              THE COURT:  All right.
17              Is there anything else in this case at this time?
18              MR. PEREZ:  Your Honor, just thank you for
19    scheduling this on such short notice, and we know that this
20    case is assigned to Judge Spaulding and that she is out of
21    town.  We appreciate it.
22              THE COURT:  Well, we can cover for each other on
23    occasion and it makes life a little easier sometimes.
24              MR. PEREZ:  Thank you, Your Honor.
25              THE COURT:  All right.
```

1           **Have a good weekend, everyone.**

2           **MR. LEVENTHAL:  Thank you, Your Honor.**

3           **(Proceedings terminated at 10:50 a.m.)**

4                       **- - - - - - - -**

5                    **Reporter's Certification**

6  **I certify that the foregoing is a correct transcript from the**

7  **record of proceedings in the above-entitled matter.**

8                               **s/Diane Peede, RMR, CRR**
                                **Official Court Reporter**
9                               **United States District Court**
   **Date:  September 25, 2013   Middle District of Florida**
10